J-S30014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER A. LATORRE | : | |
| | : | |
| Appellant | : | No. 2235 EDA 2022 |

Appeal from the PCRA Order Entered July 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009532-2007

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED NOVEMBER 8, 2023**

Appellant, Christopher A. Latorre, appeals *pro se* from the post-conviction court's July 29, 2022 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his present appeal. We only note that in April of 2008, Appellant was convicted, following a non-jury trial, of aggravated assault, recklessly endangering another person (REAP), terroristic threats, possession of an instrument of crime, conspiracy, and firearm violations. On June 11, 2008, the court sentenced him to an aggregate term of 19½ to 39 years' imprisonment, followed by 10 years' probation. We affirmed his judgment of sentence, and our Supreme Court denied his subsequent petition for allowance

of appeal.  *See Commonwealth v. Latorre*, 991 A.2d 358 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 4 A.3d 1052 (Pa. 2010).

On March 4, 2011, Appellant filed his first, *pro se* PCRA petition.  Counsel was appointed and filed an amended petition, raising several claims of trial counsel's ineffectiveness, as well as an illegal sentencing claim.  Ultimately, the PCRA court granted relief on the sentencing claim, vacating Appellant's REAP sentence and resentencing him to no further penalty.  Appellant's aggregate sentence became 18½ to 37 years' incarceration.  The PCRA court denied relief on Appellant's remaining ineffectiveness claims, and he timely appealed.  After this Court affirmed, our Supreme Court denied Appellant's petition for allowance of appeal on September 3, 2014.  *See Commonwealth v. Latorre*, 100 A.3d 303 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 99 A.3d 76 (Pa. 2014).

On October 6, 2014, Appellant filed a "Petition for Writ of *Habeas Corpus*," claiming that he was "denied the effective assistance of initial-review PCRA counsel" in various respects.  Petition for Writ of *Habeas Corpus*, 10/6/14, at 5.  The trial court docket indicates that on November 9, 2015, a PCRA hearing was scheduled, and on January 7, 2016, Sandjai Weaver, Esq., was appointed to represent Appellant.  However, the docket states that on January 8, 2016, the PCRA hearing was cancelled and Appellant's counsel was 'relieved.'

On November 20, 2017, Appellant filed another, *pro se* PCRA petition, this time alleging newly-discovered evidence consisting of a recantation of a

Commonwealth witness. Counsel was appointed and filed an amended petition on Appellant's behalf on July 16, 2018. On July 17, 2018, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Although Appellant filed a response, on August 21, 2018, the court dismissed his petition. On appeal, this Court affirmed, and Appellant did not file a timely petition for allowance of appeal with our Supreme Court.[1] *See Commonwealth v. Latorre*, 224 A.3d 770 (Pa. Super. 2019) (unpublished memorandum).

On June 22, 2021, Appellant filed a *pro se* "Motion to Correct Sentence Pursuant to Pa.R.Crim.P. 720 *Nunc Pro Tunc*[,]" which initiated the instant PCRA proceedings. On September 30, 2021, Appellant filed both a "Motion for Leave to Amend the Motion to Correct Sentence Pursuant to Pa.R.Crim.P. 720 *Nunc Pro Tunc*," as well as an "Amended Petition for Post-Conviction Collateral Relief Pursuant to 42 Pa.C.S.[] §§ 9541 *et seq.*" Therein, Appellant claimed that on September 2, 2020, he discovered from another inmate that his sentence exceeds the statutory maximum and is therefore illegal. Appellant also alleged that his attorney at his 2013 resentencing proceeding was ineffective for not challenging the legality of his sentence. Additionally, Appellant claimed that the Assistant District Attorney (ADA) who prosecuted his case admitted to several individuals that Appellant's sentence is illegal, but

---

[1] Appellant did, however, file an "Application for Permission to File a Petition for Allowance of Appeal *Nunc Pro Tunc*," which the Supreme Court denied on October 13, 2020. *See Commonwealth v. Latorre*, No. 51 EDM 2020 (Pa. filed Oct. 13, 2020).

that the ADA was refusing to take action to correct Appellant's sentence, thus constituting governmental interference. Finally, Appellant stated that the Commonwealth had violated **Brady v. Maryland**, 373 US 83 (1963), by concealing a plea agreement it had offered to Appellant's co-defendant. On December 22, 2021, Appellant filed a document purporting to again amend his PCRA petition, reiterating his illegal sentence and governmental interference claims.

On May 20, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, explaining in detail that his petition was untimely and met no timeliness exception. **See** Rule 907 Notice, 5/20/22, at 1-2 (unnumbered). Appellant filed a *pro se* response on June 9, 2022, raising, for the first time, an argument that the court should have treated his petition as an amendment of his October 6, 2014 "Petition for Writ of *Habeas Corpus*," which Appellant claimed was never disposed of, and on which he was erroneously not appointed counsel. Additionally, on June 11, 2022, Appellant filed a "Supplemental Petition for Post-Conviction Collateral Relief Pursuant to 42 Pa.C.S.[] §§ 954[1] *et seq.*," raising, for the first time, a claim that a mandatory-minimum sentence applied in his case is illegal under **Alleyne v. United States**, 570 U.S. 99, 106 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt).

On July 29, 2022, the PCRA court issued an order and accompanying opinion dismissing Appellant's petition. The court did not address Appellant's

- 4 -

novel arguments that his petition was an amendment of his October 2014 writ of *habeas corpus*, or his illegality-of-sentencing claim under **Alleyne**. Appellant filed a timely notice of appeal on August 24, 2022. It does not appear that the PCRA court directed him to file a Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the PCRA court transmitted to this Court a copy of its July 29, 2022 opinion accompanying its order dismissing Appellant's petition.

Herein, Appellant states the following issues for our review:

[I.] Whether this case is ripe for appellate disposition when the PCRA [c]ourt did not answer all of the claims presented in Appellant['s] … Amended PCRA petition?

[II.] Whether the PCRA [c]ourt erred and abused its discretion when it denied and/or refused to rule on Appellant['s] … request to amend an unresolved PCRA petition, filed October 6, 2014, where: (1) it was Appellant's first PCRA petition following resentencing; (2) the PCRA [c]ourt has not issued a final order granting or denying relief; (3) court records indicate it was timely filed; and (4) counsel had yet to be appointed and comply with the requirements of **Turner/Finley**?[2]

[III.] Whether the PCRA [c]ourt erred and abused its discretion by declining to treat the [present] PCRA petition as an extension of a timely[-]filed[,] unresolved PCRA petition, thus constituting a breakdown in the judicial process?

[IV.] Whether the PCRA [c]ourt abused its discretion by declining to hold an evidentiary hearing where Appellant … established the pleading requirements to trigger the newly[-]discovered facts exception to the PCRA statute's limitation period but was unable

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to prove the evidentiary elements of the exception without record development?

[V.] Whether the [PCRA c]ourt retains the inherent power to correct Appellant['s] … illegal sentence where it involves the application of *Alleyne* … and Appellant's judgment of sentence had yet to become final at the time *Alleyne* was decided?

Appellant's Brief at 3-4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). While we would typically begin by assessing the timeliness of Appellant's petition, we first address his initial issue, in which Appellant contends that the PCRA court did not file an adequate Rule 907 notice or Rule 1925(a) opinion. Specifically, Appellant complains that the court failed to address his claims that his present petition is an amendment to his 2014 petition for writ of *habeas corpus*, or that his sentence is illegal under *Alleyne*. However, Appellant raised these claims *after* the court issued its Rule 907 notice, which was improper.

The purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.

*Commonwealth v. Smith*, 121 A.3d 1049, 1054 (Pa. Super. 2015) (citations and quotation marks omitted). "This does not mean that a defendant may raise entirely new claims that he could have presented prior to his response

to the notice of intent to dismiss." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 n.8 (Pa. Super. 2012). Rather, "the response is not itself a petition[,] and the law still requires leave of court to submit an amended petition." ***Id.*** at 1189 (citing Pa.R.Crim.P. 905(A)).

> The Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice," Pa.R.Crim.P. 905(A), but Rule 905 amendments are not "self-authorizing" such that a petitioner may simply "amend" a pending petition with a supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court.

***Commonwealth v. Mason***, 130 A.3d 601, 621 n.19 (Pa. 2015) (some citations and quotation marks omitted).

Instantly, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition on May 20, 2020. The notice did not direct or permit Appellant to amend his PCRA petition to include new claims. Nevertheless, Appellant raised, in his Rule 907 response and a supplemental PCRA petition, his novel claims that his present petition should be considered an amendment to his writ of *habeas corpus* filed in 2014, and that his sentence is illegal under ***Alleyne***. Both these claims could have been raised before the PCRA court issued its Rule 907 notice but were not. Thus, the court was under no obligation to issue a new Rule 907 notice reviewing the merits of these new issues, or to address them in its opinion filed on July 29, 2022, which satisfied Rule 1925(a). Therefore, Appellant's first issue is meritless.

We next address the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or

disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's original sentence was imposed on June 11, 2008, and, after this Court affirmed, our Supreme Court denied his petition for allowance of appeal on August 12, 2010. Thus, his judgment of sentence became final on November 10, 2010. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

Appellant, however, contends that his 2013 resentencing essentially reset the clock for PCRA purposes. We note that this Court has held that

> a successful [] PCRA petition does **not** "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the [] petition **neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only**. We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction.

**Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) (emphasis added) (*citing* **Commonwealth v. Dehart**, 730 A.2d 991, 994 n.2 (Pa. Super. 1999)). Notwithstanding, even if Appellant were correct that his 2013 resentencing effectively reset the PCRA clock, his present petition was not filed until 2021 and, thus, is still patently untimely.

In an attempt to avoid this facial untimeliness of his present petition, Appellant insists, in his second and third issues on appeal, that his present

petition is timely because it is simply an amendment to his timely-filed October 6, 2014 petition for writ of *habeas corpus*. According to Appellant, his writ of *habeas corpus* should have been treated as a timely-filed PCRA petition because it was filed within one year of his 2013 resentencing. Further, he contends that the writ of *habeas corpus* was still outstanding at the time he filed his present petition and, thus, his instant petition should have been treated as an amendment to that timely-filed writ of *habeas corpus*. Appellant also avers that because the writ constituted his first, timely PCRA petition filed after his resentencing, he is entitled to the appointment of counsel herein.

We disagree. Even accepting, for argument sake, that Appellant's October 6, 2014 writ of *habeas corpus* constituted a timely-filed, first PCRA petition, Appellant nevertheless waived his claim that his instant petition is an amendment thereto. As discussed above, Appellant litigated **another PCRA petition in 2017**, between his 2014 writ of *habeas corpus* and his instant PCRA petition. He made no mention in his 2017 petition that his 2014 writ of *habeas corpus* was still outstanding. Furthermore, if any PCRA petition constituted an "amendment" of his ostensibly outstanding, 2014 writ of *habeas corpus*, it was his 2017 petition. Appellant was appointed counsel throughout the 2017 post-conviction proceedings, as well as his appeal from the denial of that petition. Consequently, we do not consider the present petition as timely under Appellant's theory that it is an amendment of his 2014 writ of *habeas corpus*, and he is not entitled to the appointment of counsel.

Appellant has also failed to demonstrate that any timeliness exception applies to his instant petition. For instance, Appellant argues, in his fourth issue on appeal, that his petition meets the newly-discovered-fact exception of section 9545(b)(1)(ii). In support, he contends that in November of 2020, the ADA who prosecuted his case "admitted" to several individuals "that Appellant is serving an illegal sentence, however, [he] claimed he could not correct it without following the proper procedures." Appellant's Brief at 35. Appellant claims that the ADA's admission that his sentence is illegal constitutes a "new fact" that was previously unknown to him.

Even if true, Appellant wholly fails to demonstrate that he acted with due diligence in discovering this "new fact." Aside from cursorily stating that the alleged illegality of his sentence was "undiscoverable through the exercise of due diligence[,]" *id.* at 36, Appellant offers no discussion of why he could not have discerned the purported illegality in his sentence sooner. Indeed, Appellant does not even explain to this Court *how or why* his sentence is illegal.[3] Thus, Appellant has not demonstrated that the newly-discovered-fact exception applies to his claim.

_____

[3] According to the Commonwealth's reading of Appellant's underlying petition, he believes that his sentence is "unlawful because he allegedly was sentenced concurrently for two inchoate crimes that stem from the same conduct in violation of 18 Pa.C.S. § 906." Commonwealth's Brief at 9. In explaining why this argument is meritless, the Commonwealth provides:

Section 906 states: "a person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation

*(Footnote Continued Next Page)*

- 11 -

In his final issue, Appellant contends that a five-year, mandatory-minimum sentence under 42 Pa.C.S. § 9712(a) that was imposed in this case is illegal under **Alleyne**.[4,5] Although Appellant does not specify which

_____

or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." [Appellant] was sentenced for the crimes of aggravated assault, possession of an instrument of crime, and conspiracy. The only sentence [Appellant] faces for which Section 906 applies is conspiracy. Therefore, [Appellant's] claim is ultimately meritless.

**Id.**

[4] That section states:

**(a) Mandatory sentence.--**Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

[5] In the Commonwealth's appellate brief, it contends that no mandatory-minimum was applied in Appellant's case. **See** Commonwealth's Brief at 8. However, in Appellant's reply brief, he claims that this is a misrepresentation that constitutes "fraud upon this [C]ourt…." Appellant's Reply Brief at 8 (emphasis omitted). On June 2, 2023, the Commonwealth filed a "Petition for Leave to File a Sur-Reply Brief," along with the sur-reply brief it sought to file, conceding that Appellant was sentenced under 42 Pa.C.S. § 9712, but stating that he is still not entitled to retroactive application of **Alleyne**. On June 22, 2023, Appellant filed a "Motion to Concede the Granting of the Commonwealth's Sur-Reply Brief In Part," stating that he agrees with this Court's accepting the Commonwealth's sur-reply brief to the extent the
*(Footnote Continued Next Page)*

timeliness exception his argument satisfies, we presume that he is attempting to meet the 'new-retroactive-right' exception of section 9545(b)(1)(iii).

No relief is due. As this Court has declared, "[i]t is … settled that ***Alleyne*** does not invalidate a mandatory[-]minimum sentence when presented in an untimely PCRA petition." ***Commonwealth v. Ruiz***, 131 A.3d 54, 58 (Pa. Super. 2015) (citation and emphasis omitted) (citing ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014)). The ***Ruiz*** panel explained:

> In concluding ***Alleyne*** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the ***Miller*** Court explained:
>
>> Even assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [the a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.
>
> ***Id.*** at 995 (citations omitted)…. Furthermore, this Court also recently declined to give ***Alleyne*** retroactive effect to cases on **timely** collateral review when the defendant's judgment of

---

Commonwealth concedes he was sentenced under section 9712. However, Appellant disputes the Commonwealth's argument that ***Alleyne*** does not apply retroactively to his case. Accordingly, he asks that we either remand his case for further consideration of his ***Alleyne*** claim by the PCRA court, or vacate his sentence under the rationale of ***Alleyne*** and remand for resentencing. For the reasons set forth *infra*, ***Alleyne*** does not apply retroactively to Appellant's case, and does not overcome the untimeliness of his petition. Accordingly, we ***deny*** the relief he requests in his "Motion to Concede the Granting of the Commonwealth's Sur-Reply Brief In Part."

sentence was finalized before *Alleyne* was decided. *See Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015).

*Ruiz*, 131 A.3d at 58 (emphasis in original).

Here, Appellant clearly cannot rely on *Alleyne* to meet the timeliness exception of section 9545(b)(1)(iii). We also reject his claim that he is entitled application of *Alleyne* because his "case was pending on direct review, following imposition of his new sentence," when *Alleyne* was issued. Appellant's Brief at 38. Appellant was resentenced on January 24, 2013. He did not file an appeal from that judgment of sentence; instead, he filed a notice of appeal from the PCRA court's denial of his other collateral claims. Thus, his January 24, 2013 judgment of sentence became final on Monday, February 25, 2013. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (requiring notice of appeal to "be filed within 30 days after the entry of the order from which the appeal is taken"); *see also* 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases…shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). *Alleyne* was decided on June 17, 2013. Thus, *Alleyne* was decided several months *after* Appellant's judgment of sentence became final. As it is clear that *Alleyne* does not apply

- 14 -

retroactively to untimely (or even timely) PCRA petitions, Appellant cannot obtain sentencing relief under *Alleyne*.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/8/2023